**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SOCIETY INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21 CV 2925 |
| | ) | |
| LNN INC., MNN INC., WING BROTHERS, INC., | ) | |
| and YESENIA ESPARZA, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, SOCIETY INSURANCE ("SOCIETY"), by and through its attorneys, Michael D. Sanders and Amy E. Frantz of PURCELL & WARDROPE, CHTD., and for its Complaint for Declaratory Judgment against Defendants, LNN INC., MNN INC., WING BROTHERS, INC., and YESENIA ESPARZA, states as follows:

**INTRODUCTION**

1.      This is an action for declaratory judgment for a declaration of the rights and responsibilities of the parties, seeking a declaration that Society owes no coverage to LNN Inc., MNN Inc., and Wing Brothers Inc. (collectively "Wing Stop") for a lawsuit that Esparza has brought against them under the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") because the claims of that suit are excluded from coverage, and otherwise fall outside the scope of Society's insuring agreements.

**PARTIES**

2.      Society is a mutual company organized under the laws of Wisconsin, with its principal place of business located in Fond du Lac, Wisconsin, and is and was at all times relevant herein authorized to issue insurance policies in the State of Illinois.

1

3.      LNN Inc. is an Illinois corporation with its principal place of business in Illinois.

4.      MNN Inc. is an Illinois corporation with its principal place of business in Illinois.

5.      Wing Brothers Inc. is an Illinois corporation with its principal place of business in Illinois.

6.      Esparza is a resident and citizen of the State of Illinois. Esparza is named as a defendant in this action as a necessary party, but this action seeks no specific or affirmative relief against Esparza, and in the event that she stipulates to be bound by the judgment herein, Society will dismiss Esparza as a defendant.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.      This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Policy with respect to coverage for the Esparza Lawsuit.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Esparza's claims occurred within the Northern District of Illinois.

## UNDERLYING LAWSUIT

10.     On December 31, 2020, Esparza filed a complaint in the Circuit Court of Cook County, Illinois, in the action cause number 20 CH 641 ("the Underlying Lawsuit"). A copy of the complaint is attached hereto as **Exhibit A**.

11. The complaint in the Underlying Lawsuit names LNN Inc., MNN Inc., and Wing Brothers Inc. as defendants.

12. The complaint in the Underlying Lawsuit alleges that LNN Inc., MNN Inc., and Wing Brothers Inc. are the owners and operators of restaurants with multiple locations in Illinois, including a location at Elmwood Park, Illinois. (Ex. A at ¶ **14**.)

13. The complaint in the Underlying Lawsuit alleges that Esparza worked for Wing Stop at its location in Elmwood Park, Illinois "during the relevant time." (Ex. A at ¶ **15**.)

14. The complaint in the Underlying Lawsuit alleges that Wing Stop violated various provisions of the BIPA by capturing, collecting, storing, and disseminating its employees' biometric information by scanning employees' fingerprints without disclosure or written consent/release and without a written, publicly available retention guideline.

15. The complaint in the Underlying Lawsuit seeks class certification for all individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Wing Stop, within the State of Illinois, "within the applicable statutory period." (Ex. A at ¶ **26**.)

16. The complaint in the Underlying Lawsuit alleges that Wing Stop violated the BIPA: by capturing, collecting, storing, and/or disseminating the biometric information of Esparza and the putative class members without valid consent and without complying with the BIPA requirements to obtain a written release or to obtain consent to disclose or disseminate their biometric information; and by failing to institute, maintain, and adhere to a publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data. (Ex. A at ¶¶ **34-45**.)

17. The complaint in the Underlying Lawsuit seeks statutory damages of $5,000 for each willful or reckless violation of the BIPA and, alternatively, statutory damages of $1,000 for each negligent violation of the BIPA. (Ex. A at ¶¶ **43**.)

18. The complaint in the Underlying Lawsuit also seeks declaratory relief; injunctive and equitable relief requiring Wing Stop to comply with the BIPA; and reasonable attorneys' fees, costs, expenses, and pre- and post-judgment interest. (Ex. A, Prayer for Relief.)

## SOCIETY POLICES

19. Society issued policies of insurance, described more fully below, to LNN Inc., MNN Inc., and Wing Bros., Inc. (referred to collectively as the "Society Policies").

20. LNN Inc., MNN Inc., and Wing Brothers Inc. tendered the Underlying Lawsuit to Society for coverage under the Society Policies.

LNN Inc. Policies

21. Society issued policies to LNN Inc. DBA Wingstop for annual policy periods from April 10, 2015 to April 10, 2022, numbered consecutively ROP 550928-3 through ROP 550928-9, the declarations and schedules of which are attached as **Exhibit B**, with premium information redacted (collectively, "the LNN Primary Policies"). The full 2020-2021 policy is attached as **Exhibit C.**

22. Society issued umbrella policies to LNN Inc. DBA Wingstop for annual policy periods from April 10, 2015 to April 10, 2022, numbered consecutively UXL 550931-3 through UXL 550931-9, the declarations and schedules of which are attached as **Exhibit D**, with premium information redacted (collectively, "the LNN Umbrella Policies"). The full 2020-2021 umbrella policy is attached as **Exhibit E.**

23. The only named insured on the LNN Primary Policies and LNN Umbrella Policies is LNN Inc.

MNN Inc. Policies

24. Society issued policies to MNN Inc. DBA Wingstop for annual policy periods from April 10, 2015 to April 10, 2022, numbered consecutively ROP 550924-3 through ROP 550924-9, the declarations and schedules of which are attached as **Exhibit F**, with premium information redacted (collectively, "the MNN Primary Policies"). The full 2020-2021 policy is attached as **Exhibit G.**

25. Society issued umbrella policies to MNN Inc. DBA Wingstop for annual policy periods from April 10, 2015 to April 10, 2022, numbered consecutively UXL 550927-3 through UXL 550927-9, the declarations and schedules of which are attached as **Exhibit H**, with premium information redacted (collectively, "the MNN Umbrella Policies"). The full 2020-2021 umbrella policy is attached as **Exhibit I.**

26. The only named insured on the MNN Primary Policies and MNN Umbrella Policies is MNN Inc.

Wing Brothers Inc. Policies

27. Society issued policies to Wing Brothers Inc. DBA Wingstop for annual policy periods from July 16, 2015 to July 16, 2021, numbered consecutively ROP 591314-0 through ROP 591314-5, the declarations and schedules of which are attached as **Exhibit J**, with premium information redacted (collectively, "the Wing Bros. Primary Policies"). The full 2020-2021 policy is attached as **Exhibit K.**

28. Society issued umbrella policies to Wing Brothers Inc. DBA Wingstop for annual policy periods from July 16, 2015 to July 16, 2021, numbered consecutively UXL 591313-0 through

UXL 591313-5, the declarations and schedules of which are attached as **Exhibit L**, with premium

information redacted (collectively, "the Wing Bros. Umbrella Policies"). The full 2020-2021

umbrella policy is attached as **Exhibit M.**

29.     The only named insured on the Wing Bros. Primary Policies and Wing Bros.

Umbrella Policies is Wing Brothers, Inc.

## COUNT I – NO COVERAGE FOR UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE LNN PRIMARY POLICIES

30.     Society incorporates paragraphs 1–29 above as paragraph 30 of Count I as though

fully set forth herein.

31.     Each of the LNN Primary Policies contains the Businessowners Liability Coverage

Form. (*See*, Exs. B(1), B(2), B(3), B(4), B(5), B(6), B(7).)

32.     Each of the LNN Primary Policies contains the following insuring agreement in the

Businessowners Liability Coverage Form:

### BUSINESSOWNERS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under SECTION **C** – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **F** – LIABILITY AND MEDICAL EXPENSES DEFINITIONS.

A.  Coverages
    1.  Business Liability
        a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply…
        b.  This insurance applies:
            1)  To "bodily injury" and "property damage" only if:

      a)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      b)   The "bodily injury" or "property damage" occurs during the policy period; . . .

  2)   To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. C at **0082**.)

33.     Each of the LNN Primary Policies contains the following definitions in the Businessowners Liability Coverage Form:

**F.**   **Liability And Medical Expenses Definitions**

* * *

**3.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

  **a.**   False arrest, detention or imprisonment;

  **b.**   Malicious prosecution;

  **c.**   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

  **d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations' goods, products or services;

  **e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;

  **f.**   The use of another's advertising idea in your "advertisement"; or

  **g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**17.**   "Property damage" means:

  **a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. C at **0096, 0098**.)

34.     Subject to all of the terms and conditions of the LNN Primary Policies, the LNN Primary Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period.

35.     Subject to all of the terms and conditions of the LNN Primary Policies, the LNN Primary Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense committed during the policy period.

36.     The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the LNN Primary Policies.

37.     The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the LNN Primary Policies.

38.     The Underlying Lawsuit does not allege "property damage" as that term is defined in the LNN Primary Policies.

39.     Alternatively, any primary policies issued to LNN Inc. in effect prior to "the applicable limitations period" do not provide coverage for the Underlying Lawsuit since it is not seeking damages for "bodily injury", "property damage", or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

40.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers, Inc. in the Underlying Lawsuit under the LNN Primary Policies.

41.     Upon information and belief, the defendants disagree with the foregoing position.

42.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties and give such other and

further relief as may be necessary to enforce same

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court

enter an order as follows:

a. Finding and declaring that any primary policies issued to LNN Inc. in effect prior to "the applicable limitations period" provide no coverage for the Underlying Lawsuit;

b. Finding and declaring that the LNN Primary Policies do not cover the Underlying Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising injury";

c. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and

d. Granting Society all other further relief this Court deems proper.

## COUNT II – THE UNDERLYING LAWSUIT IS EXCLUDED UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE LNN PRIMARY POLICIES

43. Society incorporates paragraphs 1–42 above as paragraph 43 of Count II as though fully set forth herein.

44. Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

45. Even if the Underlying Lawsuit did allege an "occurrence," "bodily injury," "property damage," or "personal and advertising injury," such "occurrence," "bodily injury," "property damage", or "personal and advertising injury" would be excluded from coverage under the LNN Primary Policies.

46. Each of the LNN Primary Policies contains the following exclusions in the Businessowners Liability Coverage Form:

B. Exclusions
1. Applicable To Business Liability Coverage
   This insurance does not apply to:
   a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

e. **Employer's Liability**

"Bodily injury" to:

1) An "employee" of the insured arising out of and in the course of:

a) Employment by the insured; or

b) Performing duties related to the conduct of the insured's business; . . .

* * *

p. **Personal And Advertising Injury**

"Personal and advertising injury":

1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

* * *

s. **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

3) The Federal Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

4) Any federal, state, or local statute, ordinance or regulation, other than the TCPA CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. C at **0085, 0086, 0090, 0091**.)

47.     Each of the LNN Primary Policies contains Endorsement BP 04 17 01 10,

Employment-Related Practices Exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B.1. Exclusions – Applicable To Business Liability Coverage** in **Section II – Liability**:

This insurance does not apply to "bodily injury" or "personal and advertising injury" to:

(1) A person arising out of any:

(a) Refusal to employ that person;

10

(b) Termination of that person's employment; or
(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .

This exclusion applies:

(1) Whether the injury-causing event described in Paragraph (a), (b) or (c) above occurs before employment, during employment or after employment of that person;
(2) Whether the insured may be liable as an employer or in any other capacity; and
(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(*See*, Exs. B(1), B(2), B(3), B(4), B(5), B(6), B(7); Ex. C at **0026**.)

48.    LNN primary polices ROP 550928-6, ROP 550928-7, ROP 550928-8, and ROP 550928-9 for policy periods April 10, 2018-April 10, 2019, April 10, 2019-April 10, 2020, April 10, 2020-April 10, 2021, and April 10, 2021-April 10, 2022, include Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
EXCLUSION - ACCESS OR DISCLOSURE OF
CONFIDENTIAL OR PERSONAL INFORMATION AND
DATA-RELATED LIABILITY - LIMITED BODILY INJURY
EXCEPTION NOT INCLUDED

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

A. Exclusion **B.1.q.** of **Section II — Liability** is replaced by the following:

This insurance does not apply to:

q.  **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
    (1) Damages, other than damages because of "personal and advertising injury", arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
    (2) Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

    This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

**B.** The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II — Liability:**

This insurance does not apply to:

**p.** **Personal And Advertising Injury**

"Personal and advertising injury":

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(*See,* Ex. B(4), B(5), B(6), B(7); Ex. C at **0042-0043**.)

49.     The Underlying Lawsuit is excluded from coverage by exclusion a. Expected or Intended Injury and exclusion p.1. Personal and Advertising injury because it alleges intentional violations of the BIPA, including intentional collection, storage, and disclosure of Esparza's and other class members' biometric information.

50.     The Underlying Lawsuit is excluded from coverage by exclusion e. Employer's Liability and by Endorsement BP 04 17 01 10 Employment-Related Practices Exclusion because it alleges that it was Wing Stop's policy and practice to collect, store, and distribute Esparza's and other class members' biometric information as a condition of and during the course of their employment.

51.     The Underlying Lawsuit is excluded from coverage by exclusion s. Recording And Distribution Of Material Or Information In Violation of Law because it alleges actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

52.     Additionally, any coverage for the Underlying Lawsuit is excluded from coverage under LNN primary policies ROP 550928-6, ROP 550928-7, ROP 550928-8, and ROP 550928-9 by Endorsement BP 15 05 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information, as it alleges Wing Stop accessed and disclosed Esparza's and other class members' confidential and/or personal information by collecting their biometric information.

53.     To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the LNN Primary Policies.

54.     To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the LNN Primary Policies.

55.     To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the LNN Primary Policies.

56.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers, Inc. in the Underlying Lawsuit under the LNN Primary Policies.

57.     Upon information and belief, the defendants disagree with the foregoing position.

58.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

    a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Businessowners Liability Coverage Form of the LNN Primary Policies;

    b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and

    c. Granting Society all other further relief this Court deems proper.

## COUNT III – NO COVERAGE UNDER THE ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT OF THE LNN PRIMARY POLICIES

59.    Society incorporates paragraphs 1–29 above as paragraph 59 of Count III as though fully set forth herein.

60.    Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

61.    Each of the LNN Primary Policies contains the Illinois – Employment-Related Practices Liability Endorsement, which provides as follows in the relevant parts of the 2020–2021 LNN primary policy:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT

THIS ENDORSEMENT PROVIDES CLAIMS-MADE AND REPORTED COVERAGE
PLEASE READ THE ENTIRE FORM CAREFULLY

This endorsement modifies insurance provided under the following:

### BUSINESSOWNERS COVERAGE FORM

### SCHEDULE

| | |
|---|---|
| Employment-related Practices Liability Annual Aggregate Limit Of Insurance: | $300,000 |
| Deductible Amount: | $10,000 |

14

Retroactive Date: 04/10/2012

For the purposes of the coverage provided by this endorsement, **Section II – Liability** is amended as follows:

**A.** The following is added to Paragraph **A. Coverages:**

    **1. Insuring Agreement**

        **a.** We will pay those sums the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of a "wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any incident that may result from a "wrongful act". . . .

        **b.** This insurance applies to "wrongful acts" only if:

            **(1)** The "wrongful act" takes place in the "coverage territory";

            **(2)** The "wrongful act" did not commence before the Retroactive Date, if any, shown in the Schedule, or after the end of the policy period; and

            **(3)** A "claim" against any insured for damages because of the "wrongful act" is first made during the policy period or an Extended Reporting Period provided under Paragraph **F.** of this endorsement, in accordance with Paragraphs **c.** and **d.** below.

        **c.** A "claim" will be deemed to have been made at the earlier of the following times:

            **(1)** When notice of such "claim" after being received by any insured is reported to us in writing; or

            **(2)** When a "claim" against an insured is made directly to us in writing. . . .

**B.** For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **B. Exclusions**, Subparagraph **1. Applicable To Business Liability Coverage**:

This insurance does not apply to:

    * * *

    **c. Violation Of Laws Applicable To Employers**

    A violation of your responsibilities or duties required by any other federal, state or local statutes, rules or regulations, and any rules or regulations promulgated therefor or amendments thereto, except for the following, and including amendments thereto: Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform Control Act of 1986 the Family and Medical Leave Act of 1993 and the Genetic Information Nondiscrimination Act of 2008 or any other similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

    However, this insurance does not apply to a "wrongful act" arising out of your failure to comply with any of the accommodations for the disabled required of you by, or any expenses incurred as the result of physical modifications made to accommodate any person pursuant to, the Americans With Disabilities Act, or any amendments thereto, or any similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

    This exclusion does not apply to any "claim" for retaliatory treatment by an insured against any person making a "claim" pursuant to such person's rights under any statutes, rules or regulations.

* * *

G.  For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **F. Liability And Medical Expenses Definitions** of the policy:

* * *

4.  "Wrongful act" means one or more of the following offenses, but only when they are employment-related:

   a.  Wrongful demotion or failure to promote, negative evaluation, reassignment, or discipline of your current "employee" or wrongful refusal to employ;

   b.  Wrongful termination, meaning the actual or constructive termination of an "employee":

      (1)  In violation or breach of applicable law or public policy; or

      (2)  Which is determined to be in violation of a contract or agreement, other than an employment contract or agreement, whether written, oral or implied, which stipulates financial consideration is due as the result of a breach of the contract;

   c.  Wrongful denial of training, wrongful deprivation of career opportunity, or breach of employment contract;

   d.  Negligent hiring or supervision which results in any of the other offenses listed in this definition;

   e.  Retaliatory action against an "employee" because the "employee" has:

      (1)  Declined to perform an illegal or unethical act;

      (2)  Filed a complaint with a governmental authority or a "suit" against you or any other insured in which damages are claimed;

      (3)  Testified against you or any other insured at a legal proceeding; or

      (4)  Notified a proper authority of any aspect of your business operation which is illegal;

   f.  Coercing an "employee" to commit an unlawful act or omission within the scope of that person's employment;

   g.  Harassment;

   h.  Libel, slander, invasion of privacy, defamation or humiliation; or

   i.  Verbal, physical, mental or emotional abuse arising from "discrimination".

(*See*, Exs. B(1), B(2), B(3), B(4), B(5), B(6), B(7); Ex. C at **0018-20, 24-25**.)

62.     The Illinois – Employment-Related Practices Liability Endorsement potentially applies only when a "claim" is first made during the policy period, meaning when notice of the "claim" after being received by any insured is reported to Society in writing, or when a "claim" against an insured is made directly to Society in writing.

63.     The Underlying Lawsuit was filed on December 31, 2020. (Ex. A) Society was first notified of the Underlying Lawsuit on March 15, 2021.

64.     Therefore, LNN primary policies ROP 550928-3, ROP 550928-4, ROP 550928-5, ROP 550928-6, and ROP 550928-7 for policy periods April 10, 2015 to April 10, 2020 and ROP

550928-9 for policy periods April 10, 2021 to April 10, 2022 do not provide coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement.

65.     The Underlying Lawsuit does not allege "wrongful act" as that term is defined by the Illinois – Employment-Related Practices Liability Endorsement.

66.     To whatever extent the Underlying Lawsuit alleges a "wrongful act" within the meaning of the Illinois – Employment-Related Practices Liability Endorsement, that coverage is subject to the exclusions in the Endorsements.

67.     The Illinois – Employment-Related Practices Liability Endorsement includes exclusion c. Violation of Laws Applicable to Employers, which excludes coverage for "A violation of [LNN Inc.'s] responsibilities or duties required by any other federal, state or local statutes, rules or regulations" except for certain listed exceptions.

68.     The BIPA is a state statute that sets forth requirements for a company's collection, retention, and disclosure of its employees' biometric information and is not a "similar statute" to those discrimination-related statutes listed as exceptions to the exclusion; therefore, exclusion c. of this endorsement applies to preclude coverage for the Underlying Lawsuit under the 2020-2021 LNN primary policy.

69.     Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability, excluding damages and personal and advertising injury arising out of any access to or disclosure of any person's or organization's confidential or personal information, precludes coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement in the 2020-2021 LNN primary policy.

70.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the LNN Primary Policies.

71.     Upon information and belief, the defendants disagree with the foregoing position.

72.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a.  Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Illinois – Employment-Related Practices Liability Endorsement in the LNN Primary Policies;
b.  Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and
c.  Granting Society all other further relief this Court deems proper.

## COUNT IV – NO COVERAGE UNDER THE COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM OF THE LNN UMBRELLA POLICIES

73.     Society incorporates paragraphs 1–72 above as paragraph 73 of Count IV as though fully set forth herein.

74.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

75.     Each of the LNN Umbrella Policies contains the following insuring agreement in the Commercial Liability Umbrella Coverage Form:

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under SECTION II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
    1. **Insuring Agreement**
        a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....
        b. This insurance applies to "bodily injury" and "property damage" only if:
            1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
            2) The "bodily injury" or "property damage" occurs during the policy period; . . .

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
    1. **Insuring Agreement**
        a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .
        b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(*See*, Exs. D(1), D(2), D(3), D(4), D(5), D(6), D(7); Ex. E at **0033, 0038**.)

     76.     Each of the LNN Umbrella Policies contains the following definitions in the Commercial Liability Umbrella Coverage Form:

SECTION V – DEFINITIONS

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   \* \* \*

   For the purposes of this insurance, with respect to other than the ownership, maintenance or use of "covered autos," electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software) hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. E at **0049, 0051**.)

77.     Each of the LNN Umbrella Policies contains endorsement UXL510, Revised Umbrella Definitions: Bodily Injury and Insured Contract, which contains the following definition:

REVISED UMBRELLA DEFINITIONS:
BODILY INJURY AND INSURED CONTRACT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:
   COMMERCIAL UMBRELLA LIABILITY FORM

Under **Section V. – Definitions**, item numbers **3. and 9.** are deleted and replaced with the following:

**3.** "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time.

(*See*, Exs. D(1), D(2), D(3), D(4), D(5), D(6), D(7); Ex. E at **0020**.)

78.     Subject to all of the terms and conditions of the LNN Umbrella Policies, the LNN Umbrella Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period.

79.     Subject to all of the terms and conditions of the LNN Umbrella Policies, the LNN Umbrella Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense during the policy period.

80.     The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the LNN Umbrella Policies.

81.     The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the LNN Umbrella Policies.

82.     The Underlying Lawsuit does not allege "property damage" as that term is defined in the LNN Umbrella Policies.

83.     Alternatively, any umbrella policies issued to LNN Inc. in effect prior to "the applicable limitations period" do not provide coverage for the Underlying Lawsuit since it is not seeking damages for "bodily injury", "property damage", or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

84.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the LNN Umbrella Policies.

85.     Upon information and belief, the defendants disagree with the foregoing position.

86.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate

the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

    a. Finding and declaring that any umbrella policies issued to LNN Inc. in effect prior to "the applicable limitations period" provide no coverage for the Underlying Lawsuit;

    b. Finding and declaring that the LNN Umbrella Policies do not cover the Underlying Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising injury";

    c. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and

    d. Granting Society all other further relief this Court deems proper.

## COUNT V –THE UNDERLYING LAWSUIT IS EXCLUDED UNDER THE COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM OF THE LNN UMBRELLA POLICIES

87.    Society incorporates paragraphs 1–86 above as paragraph 87 of Count V as though fully set forth herein.

88.    Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

89.    Even if the Underlying Lawsuit did allege "bodily injury", "property damage", or "personal and advertising injury," such "bodily injury," "property damage", or "personal and advertising injury" would be excluded from coverage under the LNN Umbrella Policies.

90.    Each of the LNN Umbrella Policies contains the following exclusions in Section I, Coverage A of the Commercial Liability Umbrella Coverage Form:

    2.  Exclusions
        This insurance does not apply to:
        a.  Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
* * *

g.  **Employer's Liability**
"Bodily injury" to:
1)  An "employee" of the insured arising out of and in the course of:
    a)  Employment by the insured; or
    b)  Performing duties related to the conduct of the insured's business; . . .
* * *

h.  **Employment-Related Practices**
"Bodily injury" to:
1)  A person arising out of any:
    * * *
    (c)  Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; . . .

(Ex. E at **0034-0035**.)

91.     Each of the LNN Umbrella Policies contains the following exclusions in Section I,

Coverage B of the Commercial Liability Umbrella Coverage Form:

2.  **Exclusions**
This insurance does not apply to:
a.  "Personal and advertising injury":
    (1)  **Knowing Violation of Rights of Another**
    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
    * * *
    (14) **Employment-Related Practices**
    To:
    (a)  A person arising out of any:
        * * *
        (iii)  Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person;.
        . .

(Ex. E at **0038-0039**.)

92.     Each of the LNN Umbrella Policies contains Endorsement CU 00 04 05 09,

Recording and Distribution of Material or Information in Violation of Law Exclusion, which

provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
RECORDING AND DISTRIBUTION OF MATERIAL OR
INFORMATION IN VIOLATION OF LAW EXCLUSION

This endorsement modifies insurance provided under the following:
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

A. Exclusion **u.** of Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

    **2. Exclusions**

        This insurance does not apply to:

        **u. Recording And Distribution Of Material Or Information In Violation Of Law**

          "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

          **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

          **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

          **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

          **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

B. Exclusion **a.(17)** of Paragraph **2. Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability** is replaced by the following:

    **2. Exclusions**

        This insurance does not apply to:

        **a.** "Personal and advertising injury":

        **(17) Recording And Distribution Of Material Or Information In Violation Of Law**

          Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

          **(a)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

          **(b)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

          **(c)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

          **(d)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(*See*, Exs. D(1), D(2), D(3), D(4), D(5), D(6), D(7); Ex. E at **0032**.)

93. Each of the LNN Umbrella Policies contains Endorsement UXL-20, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY FORM

**PERSONAL INJURY – FOLLOWING FORM**

This policy does not apply to any liability for Coverage B – Personal Injury unless coverage is provided by valid "underlying insurance". The coverage provided by this policy will not be broader than the coverage provided by the primary insurance policy.

(*See*, Exs. D(1), D(2), D(3), D(4), D(5), D(6), D(7); Ex. E at **0018**.)

94.     LNN umbrella polices UXL 550931-6, UXL 550931-7, UXL 550931-8, and UXL 550931-9 for policy periods April 10, 2018-April 10, 2019, April 10, 2019-April 10, 2020, April 10, 2020-April 10, 2021, and April 10, 2021-April 10, 2022, include Endorsement CU 21 87 05 14, Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – Limited Bodily Injury Exception Not Included, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
EXCLUSION - ACCESS OR DISCLOSURE OF
CONFIDENTIAL OR PERSONAL INFORMATION AND
DATA-RELATED LIABILITY - LIMITED BODILY INJURY
EXCEPTION NOT INCLUDED

This endorsement modifies insurance provided under the following:

Commercial Liability Umbrella Coverage Part

A.  Exclusion **2.**t of **Section I — Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

2.  **Exclusions**

This insurance does not apply to:

t.  **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
Damages arising out of:
(1)  Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
(2)  The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access or Disclosure of Confidential or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(*See*, Exs. D(4), D(5), D(6), D(7); Ex. E at **0007**.)

95.     The Underlying Lawsuit is excluded from coverage by exclusion A.2.a. Expected or Intended Injury and B.2.a.1. Knowing Violation of Rights of Another because it alleges intentional violations of the BIPA, including intentional collection, storage, and disclosure of Esparza's and other class members' biometric information.

96.     The Underlying Lawsuit is excluded from coverage by exclusion A.2.g Employer's Liability, A.2.h Employment-Related Practices, and B.2.a.14 Employment-Related Practices because it alleges that it was Wing Stop's policy and practice to collect, store, and distribute Esparza's and other class members' biometric information as a condition of and during the course of their employment.

97.     The Underlying Lawsuit is excluded from coverage by Endorsement CU 00 04 05 09 Recording and Distribution of Material or Information in Violation of Law because it alleges actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the

dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

98.     Additionally, any coverage for the Underlying Lawsuit is excluded from coverage under LNN umbrella policies UXL 550931-6, UXL 550931-7, UXL 550931-8, and UXL 550931-9 by Endorsement CU 21 87 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information, as it alleges Wing Stop accessed and disclosed Esparza's and other class members' confidential and/or personal information by collecting their biometric information.

99.     To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the LNN Umbrella Policies.

100.     To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the LNN Umbrella Policies.

101.     To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the LNN Umbrella Policies.

102.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers, Inc. in the Underlying Lawsuit under the LNN Umbrella Policies.

103.     Upon information and belief, the defendants disagree with the foregoing position.

104.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

     **WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Commercial Liability Umbrella Coverage Form of the LNN Umbrella Policies;

b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and

c. Granting Society all other further relief this Court deems proper.

## COUNT VI – NO COVERAGE UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE MNN PRIMARY POLICIES

105.    Society incorporates paragraphs 1–29 above as paragraph 105 of Count VI as though fully set forth herein.

106.    Each of the MNN Primary Policies contains the Businessowners Liability Coverage Form. (*See*, Exs. F(1), F(2), F(3), F(4), F(5), F(6), F(7).)

107.    Each of the MNN Primary Policies contains the following insuring agreement in the Businessowners Liability Coverage Form:

### BUSINESSOWNERS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under-SECTION **C** – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **F** – LIABILITY AND MEDICAL EXPENSES DEFINITIONS.

A. Coverages
   1. Business Liability
      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply…
      b. This insurance applies:
        1) To "bodily injury" and "property damage" only if:
          a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
          b) The "bodily injury" or "property damage" occurs during the policy period; . . .

2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. G at **0084**.)

108.     Each of the MNN Primary Policies contains the following definitions in the Businessowners Liability Coverage Form:

F.  **Liability And Medical Expenses Definitions**
   * * *
3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
   * * *
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a.  False arrest, detention or imprisonment;
   b.  Malicious prosecution;
   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations' goods, products or services;
   e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f.  The use of another's advertising idea in your "advertisement"; or
   g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".
   * * *
17. "Property damage" means:
   a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. G at **0098, 0100**.)

109. Subject to all of the terms and conditions of the MNN Primary Policies, the MNN Primary Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period.

110. Subject to all of the terms and conditions of the MNN Primary Policies, the MNN Primary Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense committed during the policy period.

111. The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the MNN Primary Policies.

112. The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the MNN Primary Policies.

113. The Underlying Lawsuit does not allege "property damage" as that term is defined in the MNN Primary Policies.

114. Alternatively, any primary policies issued to MNN Inc. in effect prior to "the applicable limitations period" do not provide coverage for the Underlying Lawsuit since it is not seeking damages for "bodily injury", "property damage", or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

115. Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the MNN Primary Policies.

116. Upon information and belief, the defendants disagree with the foregoing position.

117. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties and give such other and

further relief as may be necessary to enforce same

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court

enter an order as follows:

a. Finding and declaring that any primary policies issued to MNN Inc. in effect prior to
"the applicable limitations period" provide no coverage for the Underlying Lawsuit;

b. Finding and declaring that the MNN Primary Policies do not cover the Underlying
Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising
injury";

c. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN
Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and

d. Granting Society all other further relief this Court deems proper.

## COUNT VII – THE UNDERLYING LAWSUIT IS EXCLUDED UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE MNN PRIMARY POLICIES

118.     Society incorporates paragraphs 1–29 and 105-117 above as paragraph 118 of

Count VII as though fully set forth herein.

119.     Pleading in the alternative and without prejudice to the allegations heretofore

alleged, Society states as follows:

120.     Even if the Underlying Lawsuit did allege an "occurrence," "bodily injury,"

"property damage," or "personal and advertising injury," such "occurrence," "bodily injury,"

"property damage", or "personal and advertising injury" would be excluded from coverage under

the MNN Primary Policies.

121.     Each of the MNN Primary Policies contains the following exclusions in the

Businessowners Liability Coverage Form:

B. Exclusions
    1. Applicable To Business Liability Coverage
       This insurance does not apply to:
       a.   Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

e.  **Employer's Liability**
"Bodily injury" to:
1)  An "employee" of the insured arising out of and in the course of:
    a)  Employment by the insured; or
    b)  Performing duties related to the conduct of the insured's business; . . .

\* \* \*

p.  **Personal And Advertising Injury**
"Personal and advertising injury":
1)  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

\* \* \*

s.  **Recording And Distribution Of Material Or Information In Violation Of Law**
"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
1)  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
2)  The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
3)  The Federal Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
4)  Any federal, state, or local statute, ordinance or regulation, other than the TCPA CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. G at **0087, 0088, 0092, 0093**.)

122.    Each of the MNN Primary Policies contains Endorsement BP 04 17 01 10, Employment-Related Practices Exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B.1. Exclusions – Applicable To Business Liability Coverage** in **Section II – Liability**:

This insurance does not apply to "bodily injury" or "personal and advertising injury" to:
(1)  A person arising out of any:
    (a)  Refusal to employ that person;

32

(b) Termination of that person's employment; or

(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .

This exclusion applies:

(1) Whether the injury-causing event described in Paragraph (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(*See*, Exs. F(1), F(2), F(3), F(4), F(5), F(6), F(7); Ex. G at **0028**.)

123.    MNN primary polices ROP 550924-6, ROP 550924-7, ROP 550924-8, and ROP 550924-9 for policy periods April 10, 2018-April 10, 2019, April 10, 2019-April 10, 2020, April 10, 2020-April 10, 2021, and April 10, 2021-April 10, 2022, include Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
EXCLUSION - ACCESS OR DISCLOSURE OF
CONFIDENTIAL OR PERSONAL INFORMATION AND
DATA-RELATED LIABILITY - LIMITED BODILY INJURY
EXCEPTION NOT INCLUDED

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

A. Exclusion **B.1.q.** of **Section II — Liability** is replaced by the following:

This insurance does not apply to:

q. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability

(1) Damages, other than damages because of "personal and advertising injury", arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

(2) Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

**B.** The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II — Liability:**

This insurance does not apply to:

**p.** **Personal And Advertising Injury**

"Personal and advertising injury":

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's· confidential or personal information.

(*See*, Exs. F(4), F(5), F(6), F(7); Ex. G at **0049-0050**.)

124.     The Underlying Lawsuit is excluded from coverage by exclusion a. Expected or Intended Injury and exclusion p.1. Personal and Advertising injury because it alleges intentional violations of the BIPA, including intentional collection, storage, and disclosure of Esparza's and other class members' biometric information.

125.     The Underlying Lawsuit is excluded from coverage by exclusion e. Employer's Liability and by Endorsement BP 04 17 01 10 Employment-Related Practices Exclusion because it alleges that it was Wing Stop's policy and practice to collect, store, and distribute Esparza's and other class members' biometric information as a condition of and during the course of their employment.

126. The Underlying Lawsuit is excluded from coverage by exclusion s. Recording And Distribution Of Material Or Information In Violation of Law because it alleges actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

127. Additionally, any coverage for the Underlying Lawsuit is excluded from coverage under MNN primary policies ROP 550924-6, ROP 550924-7, ROP 550924-8, and ROP 550924-9 by Endorsement BP 15 05 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information, as it alleges Wing Stop accessed and disclosed Esparza's and other class members' confidential and/or personal information by collecting their biometric information.

128. To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the MNN Primary Policies.

129. To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the MNN Primary Policies.

130. To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the MNN Primary Policies.

131. Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the MNN Primary Policies.

132. Upon information and belief, the defendants disagree with the foregoing position.

133. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Businessowners Liability Coverage Form of the MNN Primary Policies;

b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit; and

c. Granting Society all other further relief this Court deems proper.

## COUNT VIII – NO COVERAGE UNDER THE ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT OF THE MNN PRIMARY POLICIES

134. Society incorporates paragraphs 1–29 above as paragraph 134 of Count VIII as though fully set forth herein.

135. Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

136. Each of the MNN Primary Policies contains the Illinois – Employment-Related Practices Liability Endorsement, which provides as follows in the relevant parts of the 2020–2021 MNN primary policy:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT

THIS ENDORSEMENT PROVIDES CLAIMS-MADE AND REPORTED COVERAGE
PLEASE READ THE ENTIRE FORM CAREFULLY

This endorsement modifies insurance provided under the following:

### BUSINESSOWNERS COVERAGE FORM

### SCHEDULE

| | |
|---|---|
| Employment-related Practices Liability Annual Aggregate Limit Of Insurance: | $300,000 |
| Deductible Amount: | $10,000 |

Retroactive Date:       04/10/2012

For the purposes of the coverage provided by this endorsement, **Section II – Liability** is amended as follows:

A. The following is added to Paragraph **A. Coverages:**

    1. **Insuring Agreement**

        a. We will pay those sums the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of a "wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any incident that may result from a "wrongful act". . . .

        b. This insurance applies to "wrongful acts" only if:

           (1) The "wrongful act" takes place in the "coverage territory";

           (2) The "wrongful act" did not commence before the Retroactive Date, if any, shown in the Schedule, or after the end of the policy period; and

           (3) A "claim" against any insured for damages because of the "wrongful act" is first made during the policy period or an Extended Reporting Period provided under Paragraph **F.** of this endorsement, in accordance with Paragraphs **c.** and **d.** below.

        c. A "claim" will be deemed to have been made at the earlier of the following times:

           (1) When notice of such "claim" after being received by any insured is reported to us in writing; or

           (2) When a "claim" against an insured is made directly to us in writing. . . .

B. For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **B. Exclusions**, Subparagraph **1. Applicable To Business Liability Coverage**:

This insurance does not apply to:

    * * *

    c. **Violation Of Laws Applicable To Employers**

        A violation of your responsibilities or duties required by any other federal, state or local statutes, rules or regulations, and any rules or regulations promulgated therefor or amendments thereto, except for the following, and including amendments thereto: Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform Control Act of 1986 the Family and Medical Leave Act of 1993 and the Genetic Information Nondiscrimination Act of 2008 or any other similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

        However, this insurance does not apply to a "wrongful act" arising out of your failure to comply with any of the accommodations for the disabled required of you by, or any expenses incurred as the result of physical modifications made to accommodate any person pursuant to, the Americans With Disabilities Act, or any amendments thereto, or any similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

        This exclusion does not apply to any "claim" for retaliatory treatment by an insured against any person making a "claim" pursuant to such person's rights under any statutes, rules or regulations.

\* \* \*

G. For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **F. Liability And Medical Expenses Definitions** of the policy:

\* \* \*

4. "Wrongful act" means one or more of the following offenses, but only when they are employment-related:

   a. Wrongful demotion or failure to promote, negative evaluation, reassignment, or discipline of your current "employee" or wrongful refusal to employ;

   b. Wrongful termination, meaning the actual or constructive termination of an "employee":

      (1) In violation or breach of applicable law or public policy; or

      (2) Which is determined to be in violation of a contract or agreement, other than an employment contract or agreement, whether written, oral or implied, which stipulates financial consideration is due as the result of a breach of the contract;

   c. Wrongful denial of training, wrongful deprivation of career opportunity, or breach of employment contract;

   d. Negligent hiring or supervision which results in any of the other offenses listed in this definition;

   e. Retaliatory action against an "employee" because the "employee" has:

      (1) Declined to perform an illegal or unethical act;

      (2) Filed a complaint with a governmental authority or a "suit" against you or any other insured in which damages are claimed;

      (3) Testified against you or any other insured at a legal proceeding; or

      (4) Notified a proper authority of any aspect of your business operation which is illegal;

   f. Coercing an "employee" to commit an unlawful act or omission within the scope of that person's employment;

   g. Harassment;

   h. Libel, slander, invasion of privacy, defamation or humiliation; or

   i. Verbal, physical, mental or emotional abuse arising from "discrimination".

(*See*, Exs. F(1), F(2), F(3), F(4), F(5), F(6), F(7); Ex. G at **0019-0021, 0025-0026**.)

137. The Illinois – Employment-Related Practices Liability Endorsement potentially applies only when a "claim" is first made during the policy period, meaning when notice of the "claim" after being received by any insured is reported to Society in writing, or when a "claim" against an insured is made directly to Society in writing.

138. The Underlying Lawsuit was filed on December 31, 2020. (Ex. A) Society was first notified of the Underlying Lawsuit on March 15, 2021.

139. Therefore, MNN primary policies ROP 550924-3, ROP 550924-4, ROP 550924-5, ROP 550924-6, and ROP 550924-7 for policy periods April 10, 2015 to April 10, 2020 and ROP

550924-9 for policy period April 10, 2021 to April 10, 2022 do not provide coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement.

140. The Underlying Lawsuit does not allege "wrongful act" as that term is defined by the Illinois – Employment-Related Practices Liability Endorsement.

141. To whatever extent the Underlying Lawsuit alleges a "wrongful act" within the meaning of the Illinois – Employment-Related Practices Liability Endorsement, that coverage is subject to the exclusions in the Endorsements.

142. The Illinois – Employment-Related Practices Liability Endorsement includes exclusion c. Violation of Laws Applicable to Employers, which excludes coverage for "A violation of [MNN Inc.'s] responsibilities or duties required by any other federal, state or local statutes, rules or regulations" except for certain listed exceptions.

143. The BIPA is a state statute that sets forth requirements for a company's collection, retention, and disclosure of its employees' biometric information and is not a "similar statute" to those discrimination-related statutes listed as exceptions to the exclusion; therefore, exclusion c. of this endorsement applies to preclude coverage for the Underlying Lawsuit under the 2020-2021 MNN primary policy.

144. Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability, excluding damages and personal and advertising injury arising out of any access to or disclosure of any person's or organization's confidential or personal information, precludes coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement in the 2020-2021 MNN primary policy.

145. Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the MNN Primary Policies.

146. Upon information and belief, the defendants disagree with the foregoing position.

147. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Illinois – Employment-Related Practices Liability Endorsement in the MNN Primary Policies;

b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc.; and

c. Granting Society all other further relief this Court deems proper.

## COUNT IX – NO COVERAGE UNDER THE COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM OF THE MNN UMBRELLA POLICIES

148. Society incorporates paragraphs 1–29 and 105-147 above as paragraph 148 of Count IX as though fully set forth herein.

149. Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

150. Each of the MNN Umbrella Policies contains the following insuring agreement in the Commercial Liability Umbrella Coverage Form:

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under SECTION II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES
### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....
   b. This insurance applies to "bodily injury" and "property damage" only if:
      1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      2) The "bodily injury" or "property damage" occurs during the policy period; . . .

\* \* \*

### COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .
   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. H(1), H(2), H(3), H(4), H(5), H(6), H(7); Ex. I at **0015, 0020**.)

41

151.     Each of the MNN Umbrella Policies contains the following definitions in the Commercial Liability Umbrella Coverage Form:

**SECTION V – DEFINITIONS**

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   **a.** False arrest, detention or imprisonment;
   **b.** Malicious prosecution;
   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations' goods, products or services;
   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
   **f.** The use of another's advertising idea in your "advertisement"; or
   **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**17.** "Property damage" means:
   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

For the purposes of this insurance, with respect to other than the ownership, maintenance or use of "covered autos," electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software) hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. I at **0031, 0033**.)

152.     Each of the MNN Umbrella Policies contains endorsement UXL510, Revised Umbrella Definitions: Bodily Injury and Insured Contract, which contains the following definition:

**REVISED UMBRELLA DEFINITIONS:**
**BODILY INJURY AND INSURED CONTRACT**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY FORM

Under **Section V. – Definitions,** item numbers **3. and 9.** are deleted and replaced with the following:
3.    "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time.

(Ex. H(1), H(2), H(3), H(4), H(5), H(6), H(7); Ex. I at **0038**.)

153.    Subject to all of the terms and conditions of the MNN Umbrella Policies, the MNN Umbrella Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period.

154.    Subject to all of the terms and conditions of the MNN Umbrella Policies, the MNN Umbrella Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense during the policy period.

155.    The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the MNN Umbrella Policies.

156.    The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the MNN Umbrella Policies.

157.    The Underlying Lawsuit does not allege "property damage" as that term is defined in the MNN Umbrella Policies.

158.    Alternatively, any umbrella policies issued to MNN Inc. in effect prior to "the applicable limitations period" do not provide coverage for the Underlying Lawsuit since it is not seeking damages for "bodily injury", "property damage", or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

159.    Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the MNN Umbrella Policies.

160.    Upon information and belief, the defendants disagree with the foregoing position.

161.    There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that any umbrella policies issued to MNN Inc. in effect prior to "the applicable limitations period" provide no coverage for the Underlying Lawsuit;

b. Finding and declaring that the MNN Umbrella Policies do not cover the Underlying Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising injury";

c. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit; and

d. Granting Society all other further relief this Court deems proper.

## COUNT X –THE UNDERLYING LAWSUIT IS EXCLUDED UNDER THE COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM OF THE MNN UMBRELLA POLICIES

162.    Society incorporates paragraphs 1–29 and 105-161 above as paragraph 162 of Count X as though fully set forth herein.

163.    Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

164.    Even if the Underlying Lawsuit did allege "bodily injury", "property damage", or "personal and advertising injury," such "bodily injury," "property damage", or "personal and advertising injury" would be excluded from coverage under the MNN Umbrella Policies.

165.    Each of the MNN Umbrella Policies contains the following exclusions in Section I, Coverage A of the Commercial Liability Umbrella Coverage Form:

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

g. **Employer's Liability**

"Bodily injury" to:

1) An "employee" of the insured arising out of and in the course of:

a) Employment by the insured; or

b) Performing duties related to the conduct of the insured's business; . . .

\* \* \*

h. **Employment-Related Practices**

"Bodily injury" to:

1) A person arising out of any:

\* \* \*

(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; . . .

(Ex. I at **0016-0017**.)

166. Each of the MNN Umbrella Policies contains the following exclusions in Section I, Coverage B of the Commercial Liability Umbrella Coverage Form:

2. **Exclusions**

This insurance does not apply to:

a. "Personal and advertising injury":

(1) **Knowing Violation of Rights of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

(14) **Employment-Related Practices**

To:

(a) A person arising out of any:

\* \* \*

(iii) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; . . .

(Ex. I at **0020, 0021**.)

167. Each of the MNN Umbrella Policies contains Endorsement CU 00 04 05 09, Recording and Distribution of Material or Information in Violation of Law Exclusion, which provides:

45

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**RECORDING AND DISTRIBUTION OF MATERIAL OR**
**INFORMATION IN VIOLATION OF LAW EXCLUSION**

This endorsement modifies insurance provided under the following:
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

A.  Exclusion **u.** of Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

    **2.  Exclusions**

        This insurance does not apply to:

        **u.  Recording And Distribution Of Material Or Information In Violation Of Law**

            "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

            **(1)**  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

            **(2)**  The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

            **(3)**  The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

            **(4)**  Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

B.  Exclusion **a.(17)** of Paragraph **2. Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability** is replaced by the following:

    **2.  Exclusions**

        This insurance does not apply to:

        **a.**  "Personal and advertising injury":

        **(17) Recording And Distribution Of Material Or Information In Violation Of Law**

            Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

            **(a)**  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

            **(b)**  The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

            **(c)**  The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

            **(d)**  Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. H(1), H(2), H(3), H(4), H(5), H(6), H(7); Ex. I at **0035**.)

      168.    Each of the MNN Umbrella Policies contains Endorsement UXL-20, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:
COMMERCIAL UMBRELLA LIABILITY FORM

**PERSONAL INJURY – FOLLOWING FORM**

This policy does not apply to any liability for Coverage B – Personal Injury unless coverage is provided by valid "underlying insurance". The coverage provided by this policy will not be broader than the coverage provided by the primary insurance policy.

(Ex. H(1), H(2), H(3), H(4), H(5), H(6), H(7); Ex. I at **0036**.)

169.     MNN umbrella polices UXL 550927-6, UXL 550927-7, UXL 550927-8, and UXL 550927-9 for policy periods April 10, 2018-April 10, 2019. April 10, 2019-April 10, 2020, April 10, 2020-April 10, 2021, and April 10, 2021-April 10, 2022, include Endorsement CU 21 87 05 14, Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – Limited Bodily Injury Exception Not Included, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
EXCLUSION - ACCESS OR DISCLOSURE OF
CONFIDENTIAL OR PERSONAL INFORMATION AND
DATA-RELATED LIABILITY - LIMITED BODILY INJURY
EXCEPTION NOT INCLUDED

This endorsement modifies insurance provided under the following:

**Commercial Liability Umbrella Coverage Part**

**A.** Exclusion **2.t** of **Section I — Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

**2.   Exclusions**

This insurance does not apply to:

**t.  Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
Damages arising out of:
(1)  Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
(2)  The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or

any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access or Disclosure of Confidential or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(Ex. H(1), H(2), H(3), H(4), H(5), H(6), H(7); Ex. I at **0007**.)

170.     The Underlying Lawsuit is excluded from coverage by exclusion A.2.a. Expected or Intended Injury and B.2.a.1. Knowing Violation of Rights of Another because it alleges intentional violations of the BIPA, including intentional collection, storage, and disclosure of Esparza's and other class members' biometric information.

171.     The Underlying Lawsuit is excluded from coverage by exclusion A.2.g Employer's Liability, A.2.h Employment-Related Practices, and B.2.a.14 Employment-Related Practices because it alleges that it was Wing Stop's policy and practice to collect, store, and distribute Esparza's and other class members' biometric information as a condition of and during the course of their employment.

172.     The Underlying Lawsuit is excluded from coverage by Endorsement CU 00 04 05 09 Recording and Distribution of Material or Information in Violation of Law because it alleges

actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

173.     Additionally, any coverage for the Underlying Lawsuit is excluded from coverage under MNN umbrella policies UXL 550927-6, UXL 550927-7, UXL 550927-8, and UXL 550927-9 by Endorsement CU 21 87 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information, as it alleges Wing Stop accessed and disclosed Esparza's and other class members' confidential and/or personal information by collecting their biometric information.

174.     To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the MNN Umbrella Policies.

175.     To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the MNN Umbrella Policies.

176.     To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the MNN Umbrella Policies.

177.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers, Inc. in the Underlying Lawsuit under the MNN Umbrella Policies.

178.     Upon information and belief, the defendants disagree with the foregoing position.

179.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Commercial Liability Umbrella Coverage Form of the MNN Umbrella Policies;

b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit; and

c. Granting Society all other further relief this Court deems proper.

## COUNT XI – NO COVERAGE UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE WING BROS. PRIMARY POLICIES

180.    Society incorporates paragraphs 1–29 above as paragraph 180 of Count VI as though fully set forth herein.

181.    Each of the Wing Bros. Primary Policies contains the Businessowners Liability Coverage Form (Ex. J(1), J(2), J(3), J(4), J(5), J(6).)

182.    Each of the Wing Bros. Primary Policies contains the following insuring agreement in the Businessowners Liability Coverage Form:

### BUSINESSOWNERS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under SECTION **C** – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **F** – LIABILITY AND MEDICAL EXPENSES DEFINITIONS.

A.  Coverages
  1.  Business Liability
      a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply…
      b.  This insurance applies:

1) To "bodily injury" and "property damage" only if:
   a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   b) The "bodily injury" or "property damage" occurs during the policy period; . . .
2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. K at **0077**.)

183. Each of the Wing Bros. Primary Policies contains the following definitions in the

Businessowners Liability Coverage Form:

F. **Liability And Medical Expenses Definitions**
* * *
3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
* * *
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations' goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".
* * *
17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. K at **0089, 0091**.)

184.    Subject to all of the terms and conditions of the Wing Bros. Primary Policies, the Wing Bros. Primary Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period.

185.    Subject to all of the terms and conditions of the Wing Bros. Primary Policies, the Wing Bros. Primary Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense committed during the policy period.

186.    The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the Wing Bros. Primary Policies.

187.    The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the Wing Bros. Primary Policies.

188.    The Underlying Lawsuit does not allege "property damage" as that term is defined in the Wing Bros. Primary Policies.

189.    Alternatively, any primary policies issued to Wing Brothers, Inc. in effect prior to "the applicable limitations period" do not provide coverage for the Underlying Lawsuit since it is not seeking damages for "bodily injury", "property damage", or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

190.    Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the Wing Bros. Primary Policies.

191.    Upon information and belief, the defendants disagree with the foregoing position.

192.    There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties and give such other and

further relief as may be necessary to enforce same

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court

enter an order as follows:

a. Finding and declaring any primary policies issued to Wing Brothers Inc. in effect prior to "the applicable limitations period" provide no coverage for the Underlying Lawsuit;

b. Finding and declaring that the Wing Bros. Primary Policies do not cover the Underlying Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising injury";

c. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., or Wing Brothers Inc. in the Underlying Lawsuit; and

d. Granting Society all other further relief this Court deems proper.

## COUNT XII – THE UNDERLYING LAWSUIT IS EXCLUDED UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM OF THE WING BROS. PRIMARY POLICIES

193. Society incorporates paragraphs 1–29 and 180-192 above as paragraph 193 of Count XII as though fully set forth herein.

194. Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

195. Even if the Underlying Lawsuit did allege an "occurrence," "bodily injury," "property damage," or "personal and advertising injury," such "occurrence," "bodily injury," "property damage", or "personal and advertising injury" would be excluded from coverage under the Wing Bros. Primary Policies.

196. Each of the Wing Bros. Primary Policies contains the following exclusions in the Businessowners Liability Coverage Form:

B. Exclusions
1. Applicable To Business Liability Coverage
   This insurance does not apply to:
   a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

e.  **Employer's Liability**
    "Bodily injury" to:
    1)  An "employee" of the insured arising out of and in the course of:
        a)  Employment by the insured; or
        b)  Performing duties related to the conduct of the insured's business; . . .

* * *

p.  **Personal And Advertising Injury**
    "Personal and advertising injury":
    1)  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

* * *

s.  **Recording And Distribution Of Material Or Information In Violation Of Law**
    "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
    1)  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
    2)  The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
    3)  The Federal Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
    4)  Any federal, state, or local statute, ordinance or regulation, other than the TCPA CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. K at **0079, 0080, 0083, 0084**.)

197.    Each of the Wing Bros. Primary Policies contains Endorsement BP 04 17 01 10,

Employment-Related Practices Exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B.1. Exclusions – Applicable To Business Liability Coverage** in **Section II – Liability**:

This insurance does not apply to "bodily injury" or "personal and advertising injury" to:
(1)  A person arising out of any:
    (a)  Refusal to employ that person;

54

(b) Termination of that person's employment; or

(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .

This exclusion applies:

(1) Whether the injury-causing event described in Paragraph (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Ex. J(1), J(2), J(3), J(4), J(5), J(6); Ex. K at **0027**.)

198. Wing Bros. primary polices ROP 591314-3, ROP 591314-4, and ROP 591314-5 for policy periods July 16, 2018-July 16, 2019, July 16, 2019-July 16, 2020, and July 16, 2020-July 16, 2021, include Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
EXCLUSION - ACCESS OR DISCLOSURE OF
CONFIDENTIAL OR PERSONAL INFORMATION AND
DATA-RELATED LIABILITY - LIMITED BODILY INJURY
EXCEPTION NOT INCLUDED

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

A. Exclusion **B.1.q.** of **Section II — Liability** is replaced by the following:

This insurance does not apply to:

q. **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

(1) Damages, other than damages because of "personal and advertising injury", arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

(2) Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

**B.** The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II — Liability:**

This insurance does not apply to:

**p.   Personal And Advertising Injury**

"Personal and advertising injury":

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's· confidential or personal information.

(Ex. J(4), J(5), J(6); Ex. K at **0042-0043**.)

199.    The Underlying Lawsuit is excluded from coverage by exclusion a. Expected or Intended Injury and exclusion p.1. Personal and Advertising injury because it alleges intentional violations of the BIPA, including intentional collection, storage, and disclosure of Esparza's and other class members' biometric information.

200.    The Underlying Lawsuit is excluded from coverage by exclusion e. Employer's Liability and by Endorsement BP 04 17 01 10 Employment-Related Practices Exclusion because it alleges that it was Wing Stop's policy and practice to collect, store, and distribute Esparza's and other class members' biometric information as a condition of and during the course of their employment.

201. The Underlying Lawsuit is excluded from coverage by exclusion s. Recording And Distribution Of Material Or Information In Violation of Law because it alleges actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

202. Additionally, any coverage for the Underlying Lawsuit is excluded from coverage under Wing Bros. primary policies ROP 591314-3, ROP 591314-4, and ROP 591314-5 by Endorsement BP 15 05 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information, as it alleges Wing Stop accessed and disclosed Esparza's and other class members' confidential and/or personal information by collecting their biometric information.

203. To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the Wing Bros. Primary Policies.

204. To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the Wing Bros. Primary Policies.

205. To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the Wing Bros. Primary Policies.

206. Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the Wing Bros. Primary Policies.

207. Upon information and belief, the defendants disagree with the foregoing position.

208. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Businessowners Liability Coverage Form of the Wing Bros. Primary Policies;

b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit; and

c. Granting Society all other further relief this Court deems proper.

## COUNT XIII – NO COVERAGE UNDER THE ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT OF THE WING BROS. PRIMARY POLICIES

209.     Society incorporates paragraphs 1–29 above as paragraph 209 of Count XIII as though fully set forth herein.

210.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

211.     Each of the Wing Bros. Primary Policies contains the Illinois – Employment-Related Practices Liability Endorsement, which provides as follows in the relevant parts of the 2020–2021 Wing Bros. primary policy:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ILLINOIS – EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT

THIS ENDORSEMENT PROVIDES CLAIMS-MADE AND REPORTED COVERAGE
PLEASE READ THE ENTIRE FORM CAREFULLY

This endorsement modifies insurance provided under the following:

### BUSINESSOWNERS COVERAGE FORM

SCHEDULE

Employment-related Practices Liability Annual Aggregate
Limit Of Insurance:                                                                         $300,000
Deductible Amount:                                                                          $1,000
Retroactive Date:               07/16/2015

For the purposes of the coverage provided by this endorsement, **Section II – Liability** is amended as follows:

A.   The following is added to Paragraph **A. Coverages:**

   1.   **Insuring Agreement**

     **a.**   We will pay those sums the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of a "wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any incident that may result from a "wrongful act". . . .

     **b.**   This insurance applies to "wrongful acts" only if:

       **(1)**   The "wrongful act" takes place in the "coverage territory";

       **(2)**   The "wrongful act" did not commence before the Retroactive Date, if any, shown in the Schedule, or after the end of the policy period; and

       **(3)**   A "claim" against any insured for damages because of the "wrongful act" is first made during the policy period or an Extended Reporting Period provided under Paragraph **F.** of this endorsement, in accordance with Paragraphs **c.** and **d.** below.

     **c.**   A "claim" will be deemed to have been made at the earlier of the following times:

       **(1)**   When notice of such "claim" after being received by any insured is reported to us in writing; or

       **(2)**   When a "claim" against an insured is made directly to us in writing. . . .

B.   For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **B. Exclusions**, Subparagraph **1. Applicable To Business Liability Coverage**:

This insurance does not apply to:

     * * *

   **c.**   **Violation Of Laws Applicable To Employers**

     A violation of your responsibilities or duties required by any other federal, state or local statutes, rules or regulations, and any rules or regulations promulgated therefor or amendments thereto, except for the following, and including amendments thereto: Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform Control Act of 1986 the Family and Medical Leave Act of 1993 and the Genetic Information Nondiscrimination Act of 2008 or any other similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

     However, this insurance does not apply to a "wrongful act" arising out of your failure to comply with any of the accommodations for the disabled required of you by, or any expenses incurred as the result of physical modifications made to accommodate any person pursuant to, the Americans With Disabilities Act, or any amendments thereto,

or any similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

This exclusion does not apply to any "claim" for retaliatory treatment by an insured against any person making a "claim" pursuant to such person's rights under any statutes, rules or regulations.

* * *

G. For the purposes of the coverage provided by this endorsement, the following is added to Paragraph **F. Liability And Medical Expenses Definitions** of the policy:

* * *

4. "Wrongful act" means one or more of the following offenses, but only when they are employment-related:

a. Wrongful demotion or failure to promote, negative evaluation, reassignment, or discipline of your current "employee" or wrongful refusal to employ;

b. Wrongful termination, meaning the actual or constructive termination of an "employee":

(1) In violation or breach of applicable law or public policy; or

(2) Which is determined to be in violation of a contract or agreement, other than an employment contract or agreement, whether written, oral or implied, which stipulates financial consideration is due as the result of a breach of the contract;

c. Wrongful denial of training, wrongful deprivation of career opportunity, or breach of employment contract;

d. Negligent hiring or supervision which results in any of the other offenses listed in this definition;

e. Retaliatory action against an "employee" because the "employee" has:

(1) Declined to perform an illegal or unethical act;

(2) Filed a complaint with a governmental authority or a "suit" against you or any other insured in which damages are claimed;

(3) Testified against you or any other insured at a legal proceeding; or

(4) Notified a proper authority of any aspect of your business operation which is illegal;

f. Coercing an "employee" to commit an unlawful act or omission within the scope of that person's employment;

g. Harassment;

h. Libel, slander, invasion of privacy, defamation or humiliation; or

i. Verbal, physical, mental or emotional abuse arising from "discrimination".

(Ex. J(1), J(2), J(3), J(4), J(5), J(6); Ex. K at **0019-0021, 0025-0026**.)

212. The Illinois – Employment-Related Practices Liability Endorsement potentially applies only when a "claim" is first made during the policy period, meaning when notice of the "claim" after being received by any insured is reported to Society in writing, or when a "claim" against an insured is made directly to Society in writing.

213. The Underlying Lawsuit was filed on December 31, 2020. (Ex. A) Society was first notified of the Underlying Lawsuit on March 15, 2021.

214.     Therefore, Wing Bros. primary policies ROP 591314-0, ROP 591314-1, ROP 591314-2, ROP 591314-3, and ROP 591314-4 for policy periods July 16, 2015 to July 16, 2020 do not provide coverage for the Underlying Lawsuit under the Illinois – Employment-Related Practices Liability Endorsement.

215.     The Underlying Lawsuit does not allege "wrongful act" as that term is defined by the Illinois – Employment-Related Practices Liability Endorsement.

216.     To whatever extent the Underlying Lawsuit alleges a "wrongful act" within the meaning of the Illinois – Employment-Related Practices Liability Endorsement, that coverage is subject to the exclusions in the Endorsements.

217.     The Illinois – Employment-Related Practices Liability Endorsement includes exclusion c. Violation of Laws Applicable to Employers, which excludes coverage for "A violation of [Wing Brothers, Inc.'s] responsibilities or duties required by any other federal, state or local statutes, rules or regulations" except for certain listed exceptions.

218.     The BIPA is a state statute that sets forth requirements for a company's collection, retention, and disclosure of its employees' biometric information and is not a "similar statute" to those discrimination-related statutes listed as exceptions to the exclusion; therefore, exclusion c. of this endorsement applies to preclude coverage for the Underlying Lawsuit under the 2020-2021 Wing Bros. primary policy.

219.     Endorsement BP 15 05 05 14, Exclusion for Access or Disclosure of Confidential or Personal Information and Data-Related Liability, excluding damages and personal and advertising injury arising out of any access to or disclosure of any person's or organization's confidential or personal information, precludes coverage for the Underlying Lawsuit under the

Illinois – Employment-Related Practices Liability Endorsement in the 2020-2021 Wing Bros. primary policy.

220.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the Wing Bros. Primary Policies.

221.     Upon information and belief, the defendants disagree with the foregoing position.

222.     There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a.   Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Illinois – Employment-Related Practices Liability Endorsement in the Wing Bros. Primary Policies;

b.   Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc.; and

c.   Granting Society all other further relief this Court deems proper.

### COUNT IXX – NO COVERAGE UNDER THE COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM OF THE WING BROS. UMBRELLA POLICIES

223.     Society incorporates paragraphs 1–29 and 180-222 above as paragraph 223 of Count IXX as though fully set forth herein.

224.     Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

225.     Each of the Wing Bros. Umbrella Policies contains the following insuring agreement in the Commercial Liability Umbrella Coverage Form:

## COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under SECTION II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES
## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. **Insuring Agreement**
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.…
   b. This insurance applies to "bodily injury" and "property damage" only if:
      1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      2) The "bodily injury" or "property damage" occurs during the policy period; . . .

\* \* \*

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY
1. **Insuring Agreement**
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .
   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. L(1), L(2), L(3), L(4), L(5), L(6); Ex. M at **0015, 0020**.)

226. Each of the Wing Bros. Umbrella Policies contains the following definitions in the

Commercial Liability Umbrella Coverage Form:

**SECTION V – DEFINITIONS**

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations' goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

For the purposes of this insurance, with respect to other than the ownership, maintenance or use of "covered autos," electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software) hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Ex. M at **0031, 0033**.)

227. Each of the Wing Bros. Umbrella Policies contains endorsement UXL510, Revised

Umbrella Definitions: Bodily Injury and Insured Contract, which contains the following definition:

**REVISED UMBRELLA DEFINITIONS:**
**BODILY INJURY AND INSURED CONTRACT**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY FORM

Under **Section V. – Definitions,** item numbers **3.** and **9.** are deleted and replaced with the following:
3.   "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time.

(Ex. L(1), L(2), L(3), L(4), L(5), L(6); Ex. M at **0038**.)

228.     Subject to all of the terms and conditions of the Wing Bros. Umbrella Policies, the Wing Bros. Umbrella Policies potentially provide coverage for "bodily injury" or "property damage" only if it is caused by an "occurrence" during the policy period.

229.     Subject to all of the terms and conditions of the Wing Bros. Umbrella Policies, the Wing Bros. Umbrella Policies potentially provide coverage for "personal and advertising injury" only if it is caused by an offense during the policy period.

230.     The Underlying Lawsuit does not allege an "occurrence" as that term is defined in the Wing Bros. Umbrella Policies.

231.     The Underlying Lawsuit does not allege "bodily injury" as that term is defined in the Wing Bros. Umbrella Policies.

232.     The Underlying Lawsuit does not allege "property damage" as that term is defined in the Wing Bros. Umbrella Policies.

233.     Alternatively, any umbrella policies issued to Wing Brothers, Inc. in effect prior to "the applicable limitations period" do not provide coverage for the Underlying Lawsuit since it is not seeking damages for "bodily injury", "property damage", or "personal and advertising injury" as a result of alleged violations of the BIPA during those policy periods.

234.     Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit under the Wing Bros. Umbrella Policies.

235.     Upon information and belief, the defendants disagree with the foregoing position.

236.    There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that any umbrella policies issued to Wing Brothers, Inc. in effect prior to "the applicable limitations period" provide no coverage for the Underlying Lawsuit;

b. Finding and declaring that the Wing Bros. Umbrella Policies do not cover the Underlying Lawsuit as alleging "bodily injury," "property damage," or "personal and advertising injury";

c. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit; and

d. Granting Society all other further relief this Court deems proper.

**COUNT XX –THE UNDERLYING LAWSUIT IS EXCLUDED**
**UNDER THE COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**
**OF THE WING BROS. UMBRELLA POLICIES**

237.    Society incorporates paragraphs 1–29 and 180-236  above as paragraph 237 of Count XX as though fully set forth herein.

238.    Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

239.    Even if the Underlying Lawsuit did allege "bodily injury", "property damage", or "personal and advertising injury," such "bodily injury," "property damage", or "personal and advertising injury" would be excluded from coverage under the MNN Umbrella Policies.

240.    Each of the Wing Bros. Umbrella Policies contains the following exclusions in Section I, Coverage A of the Commercial Liability Umbrella Coverage Form:

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

g. **Employer's Liability**

"Bodily injury" to:

1) An "employee" of the insured arising out of and in the course of:

   a) Employment by the insured; or

   b) Performing duties related to the conduct of the insured's business; . . .

* * *

h. **Employment-Related Practices**

"Bodily injury" to:

1) A person arising out of any:

   * * *

   (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; . . .

(Ex. M at **0016-0017**.)

241.    Each of the Wing Bros. Umbrella Policies contains the following exclusions in Section I, Coverage B of the Commercial Liability Umbrella Coverage Form:

2. **Exclusions**

This insurance does not apply to:

a. "Personal and advertising injury":

(1) **Knowing Violation of Rights of Another**

   Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

* * *

(14) **Employment-Related Practices**

   To:

   (a) A person arising out of any:

      * * *

      (iii) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; . .

(Ex. M at **0020, 0021**.)

242.    Each of the Wing Bros. Umbrella Policies contains Endorsement CU 00 04 05 09, Recording and Distribution of Material or Information in Violation of Law Exclusion, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**RECORDING AND DISTRIBUTION OF MATERIAL OR**
**INFORMATION IN VIOLATION OF LAW EXCLUSION**

This endorsement modifies insurance provided under the following:
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

A. Exclusion **u.** of Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

    **2. Exclusions**

        This insurance does not apply to:

        **u. Recording And Distribution Of Material Or Information In Violation Of Law**

        "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

        **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

        **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

        **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

B. Exclusion **a.(17)** of Paragraph **2. Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability** is replaced by the following:

    **2. Exclusions**

        This insurance does not apply to:

        **a.** "Personal and advertising injury":

        **(17) Recording And Distribution Of Material Or Information In Violation Of Law**

        Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        **(a)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

        **(b)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

        **(c)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

        **(d)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Ex. L(1), L(2), L(3), L(4), L(5), L(6); Ex. M at **0035**.)

243.    Each of the Wing Bros. Umbrella Policies contains Endorsement UXL-20, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:
COMMERCIAL UMBRELLA LIABILITY FORM

**PERSONAL INJURY – FOLLOWING FORM**

This policy does not apply to any liability for Coverage B – Personal Injury unless coverage is provided by valid "underlying insurance". The coverage provided by this policy will not be broader than the coverage provided by the primary insurance policy.

(Ex. L(1), L(2), L(3), L(4), L(5), L(6); Ex. M at **0036**.)

244.     Wing Bros. umbrella polices UXL 591313-3, UXL 591313-4, and UXL 591313-5

for policy periods July 16, 2018-July 16, 2019, July 16, 2019-July 16, 2020, and July 16, 2020-July

16, 2021, include Endorsement CU 21 87 05 14, Exclusion –  Access or Disclosure of Confidential

or Personal Information and Data-Related Liability – Limited Bodily Injury Exception Not

Included, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EXCLUSION - ACCESS OR DISCLOSURE OF**
**CONFIDENTIAL OR PERSONAL INFORMATION AND**
**DATA-RELATED LIABILITY - LIMITED BODILY INJURY**
**EXCEPTION NOT INCLUDED**

This endorsement modifies insurance provided under the following:

**Commercial Liability Umbrella Coverage Part**

A.   Exclusion **2.**t of **Section I — Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

2.   **Exclusions**

This insurance does not apply to:

t.   **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
Damages arising out of:
(1)   Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
(2)   The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or

any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access or Disclosure of Confidential or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(Ex. L(4), L(5), L(6); Ex. M at **0007**.)

245.     The Underlying Lawsuit is excluded from coverage by exclusion A.2.a. Expected or Intended Injury and B.2.a.1. Knowing Violation of Rights of Another because it alleges intentional violations of the BIPA, including intentional collection, storage, and disclosure of Esparza's and other class members' biometric information.

246.     The Underlying Lawsuit is excluded from coverage by exclusion A.2.g Employer's Liability, A.2.h Employment-Related Practices, and B.2.a.14 Employment-Related Practices because it alleges that it was Wing Stop's policy and practice to collect, store, and distribute Esparza's and other class members' biometric information as a condition of and during the course of their employment.

247.     The Underlying Lawsuit is excluded from coverage by Endorsement CU 00 04 05 09 Recording and Distribution of Material or Information in Violation of Law because it alleges

actions or omissions which violate the BIPA, a state statute which addresses, prohibits, or limits the dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

248. Additionally, any coverage for the Underlying Lawsuit is excluded from coverage under Wing Bros. umbrella policies UXL 591313-3, UXL 591313-4, and UXL 591313-5 by Endorsement CU 21 87 05 14 Exclusion – Access or Disclosure of Confidential or Personal Information, as it alleges Wing Stop accessed and disclosed Esparza's and other class members' confidential and/or personal information by collecting their biometric information.

249. To whatever extent the Underlying Lawsuit may allege "bodily injury," it would be excluded from coverage under the Wing Bros. Umbrella Policies.

250. To whatever extent the Underlying Lawsuit may allege "property damage," it would be excluded from coverage under the Wing Bros. Umbrella Policies.

251. To whatever extent the Underlying Lawsuit may allege "personal and advertising injury," it would be excluded from coverage under the Wing Bros. Umbrella Policies.

252. Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers, Inc. in the Underlying Lawsuit under the Wing Bros. Umbrella Policies.

253. Upon information and belief, the defendants disagree with the foregoing position.

254. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Underlying Lawsuit is excluded from the coverage of the Commercial Liability Umbrella Coverage Form of the Wing Bros. Umbrella Policies;

b. Finding and declaring that Society has no duty to defend or indemnify LNN Inc., MNN Inc., and Wing Brothers Inc. in the Underlying Lawsuit; and

c. Granting Society all other further relief this Court deems proper.

## COUNT XXI— NO COVERAGE FOR CERTAIN DAMAGES

255.    Society incorporates paragraphs 1–29 above as paragraph 255 of Count VI as though fully set forth herein.

256.    Pleading in the alternative and without prejudice to the allegations heretofore alleged, Society states as follows:

257.    The Businessowners Liability Coverage Form of the LNN Primary Policies, MNN Primary Policies, and Wing Bros. Primary Policies provides only that Society will pay those sums "the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury" to which this insurance applies." (Ex. C, **0082**; Ex. G, **0084**; Ex. K, **0077.)**

258.    The Illinois – Employment Related Practices Liability Endorsement of the LNN Primary Policies, MNN Primary Policies, and Wing Bros. Primary Policies provides only that Society will pay those sums "the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies." (Ex. C, **0018**; Ex. G, **0019**; Ex. K**, 0019**.)

259.    The Commercial Liability Umbrella Coverage Form of the LNN Umbrella Policies, MNN Umbrella Policies, and Wing Bros. Umbrella Policies provides only that Society will pay the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage"

or "personal and advertising injury" to which the insurance applies. (Ex. E, **0033**; Ex. I, **0015**; Ex. M, **0015**.)

260. The Underlying Lawsuit requests declaratory, injunctive, and equitable relief, which do not constitute damages because of "bodily injury," "property damage," "personal and advertising injury," or "wrongful act." (Ex. A, Prayer for Relief)

261. The Underlying Lawsuit requests attorneys' fees, costs, and other litigation expenses, which do not constitute damages because of "bodily injury," "property damage," "personal and advertising injury," or "wrongful act." (Ex. A, Prayer for Relief)

262. The Underlying Lawsuit requests damages which are penal in nature and thus uninsurable under Illinois law. (Ex. A, Prayer for Relief)

263. There is no coverage under the Society Policies for declaratory, injunctive, or equitable relief; attorneys' fees, costs, and other litigation expenses; or for damages which are penal in nature.

264. Upon information and belief, the defendants disagree with the foregoing position.

265. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, the Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that declaratory, injunctive, and equitable relief are not damages covered under the Society Policies;

b. Finding and declaring that attorneys' fees, costs, and litigation expenses are not damages covered under the Society Policies;

c.   Finding and declaring that the penal damages are not damages covered under the Society Policies; and

c.   Granting Society all other further relief this Court deems proper.

Respectfully submitted,

SOCIETY INSURANCE

By: /s/Amy E. Frantz
    One of Its Attorneys

Michael D. Sanders, msanders@pw-law.com
Amy E. Frantz, afrantz@pw-law.com
PURCELL & WARDROP CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Tel (312) 427-3900