5929 TBU SI756

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SOCIETY INSURANCE, ) | | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | Case No. | 21 CV 2925 |
| ) | | |
| LNN INC., MNN INC., WING BROTHERS ) | | |
| INC., and YESENIA ESPARZA, ) | | |
| ) | | |
| Defendants. ) | | |

# EXHIBIT A

## UNDERLYING COMPLAINT

Return Date: No return date scheduled
Hearing Date: 4/30/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
　　　　　　Cook County, IL

FILED
12/31/2020 12:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07555

11677816

FILED DATE: 12/31/2020 12:39 PM　2020CH07555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| YESENIA ESPARZA, individually and on behalf of all similarly situated individuals, </br></br> *Plaintiff,* </br></br> v. </br></br> WING BROTHERS, INC., </br> LNN, INC., </br> MNN, INC., </br></br> *Defendants.* | ) </br> ) </br> ) </br> ) No. 2020CH07555 </br> ) </br> ) </br> ) Hon. </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## CLASS ACTION COMPLAINT

Plaintiff Yesenia Esparza ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant Wing Brothers, Inc., Defendant LNN, Inc. and Defendant MNN, Inc. ("Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendants, the owner and operator of restaurants. Using biometric enabled technology, Defendants are

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time at work.

3. BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendants' biometric timekeeping system works by extracting biometric information from individuals, such as handprints, fingerprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's state biometric privacy rights.

9. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. At all relevant times, Plaintiff Yesenia Esparza has been a resident and a citizen of the state of Illinois and Cook County.

11. Defendant Wing Brothers, Inc., Defendant LNN, Inc. and Defendant MNN, Inc. are corporations organized under the laws of the state of Illinois and they conduct substantial business throughout Illinois, including in Cook County, Illinois.

## JURISDICTION AND VENUE

12. This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States,

because Defendants are doing business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

13. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendants are doing business in Cook County and thus resides there under § 2-102.

### FACTS SPECIFIC TO PLAINTIFF

14. Defendants are the owner and operator of restaurants with multiple locations in Illinois.

15. During the relevant time, Plaintiff worked for Defendants at one their restaurants located in Elmwood Park, Illinois.

16. While working for Defendants, Defendants implemented biometric scanning and time-tracking devices and technology to monitor and manage its workers', including Plaintiff's, time on the job.

17. Plaintiff was required to provide biometric scans to Defendants each time Plaintiff needed to clock in and clock out of a shift at work.

18. Plaintiff relied on Defendants to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including all relevant retention, destruction, and dissemination policies.

19. Further, on information and belief, Defendants disseminated information derived from the scanning of Plaintiff's biometric identifiers to third parties, including vendors for timekeeping, data storage, and payroll purposes.

20. Prior to taking Plaintiff's biometrics, Defendants did not inform Plaintiff in writing that Plaintiff's biometrics were being collected, stored, used, or disseminated, or publish

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

Exhibit A 0004

any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics.

21. Defendants did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of Plaintiff's biometrics.

22. Prior to taking Plaintiff's biometrics, Defendants did not make publicly available any written policy as to its biometric retention schedule, nor did Defendants disclose any guidelines for permanently destroying the collected biometrics.

23. Additionally, Defendants did not obtain consent from Plaintiff for any dissemination of Plaintiff's biometrics to third parties.

24. To this day, Plaintiff is unaware of the status of the biometrics obtained by Defendants. Defendants have not informed Plaintiff whether it still retains Plaintiff's biometrics, and if it does, for how long it intends to retain such information without Plaintiff's consent.

25. By failing to comply with BIPA, Defendants have violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

26. Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

27. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

28. Upon information and belief, there are scores, if not hundreds, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

29. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations and common law transgressions.

30. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendants' conduct is subject to BIPA;

    b. Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c. Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d. Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

    e. Whether Defendants' conduct violates BIPA;

    f. Whether Defendants' violations of the BIPA are willful or reckless; and

    g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

31. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

32. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

33. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendants are private entities under BIPA.

36. BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

Exhibit A 0007

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

37. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

38. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendants. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

39. Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

40. Defendants' practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

Exhibit A 0008

a. Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendants failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

41. By obtaining and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendants profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendants knew, or was reckless in not knowing, that the biometric systems it used would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

Exhibit A 0009

42. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class's biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

43. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

44. Defendants' violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

45. Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate BIPA Sections 15(b) and 15(d);

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

FILED DATE: 12/31/2020 12:39 PM 2020CH07555

Exhibit A 00010

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

Dated: 12/31/2020

Respectfully submitted,

Yesenia Esparza, individually and on behalf of a class of similarly situated individuals

By: /s/ James X. Bormes
*One of Plaintiff's Attorneys*

James X. Bormes
Catherine P. Sons
LAW OFFICE OF JAMES X. BORMES. P.C (#33422)
8 South Michigan Ave. Suite 2600
Chicago, IL 60603
Tel: (312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

*Counsel for Plaintiff and the Putative Class*